COMAN, Assignee of the Sheriff, &c. *against* MERRILL and ANDERSON.

THIS was an action for the escape of *Merrill*.

*Coman*, on the 16th of *June* 1819, recovered judgment against *Merrill*, in a Justice's Court, under the act extending the jurisdiction of justices of the peace, for fifty two dollars and fifty-eight cents, on the confession of the defendant, who filed an affidavit pursuant to the statute. (Sess. 41. ch. 94. s. 6, 7.) An execution was, afterwards, issued on the judgment, by virtue of which *M.* was taken and committed to the custody of the sheriff of *Madison* county, on the 31st of *March*, 1820, no property of the defendant being found on which to levy the amount. The sheriff granted to *M.* the liberties of the gaol, on his giving a bond with sureties, in the usual form. On the 13th of *November*, 1820, *M.* made an affidavit before a commissioner, and in the presence of the under sheriff, that he had a family within this state, and that he was not a freeholder at the time the judgment was obtained against him, in favour of C., nor at any time afterwards, and that he had remained a

*A prisoner in execution on a judgment obtained in a Justice's Court under "the act to extend the jurisdiction of justices of the peace," for above 25 dollars, is entitled to be discharged on making an affidavit, (in the manner directed by the 12th section of the "act for the recovery of debts to the value of 25 dollars,) that he is not a freeholder, and has a family, and has remained in prison for more than thirty days: And it is sufficient if the affidavit states that he had a family at the time, without saying that he had a family, when the judgment was rendered against him.*

prisoner within the liberties of the gaol for more than thirty days, and that he came within the provisions of the act for the recovery of debts, to the value of twenty-five dollars; and thereupon left the limits of the gaol. The plaintiff then took an assignment of the bond given to the sheriff for the limits, and brought his action thereon for the escape of *M.*

The case was submitted to the Court without argument.

SPENCER. Ch. J. delivered the opinion of the Court. The 11th section of the act extending the jurisdiction of justices of the peace, adopts all the provisions of the act, for the recovery of debts to the value of twenty-five dollars, " *except as is therein otherwise directed.*" There is no provision as to such a case as the present; consequently, all the enactments, in relation to the discharge of the person of the debtor, are adopted by the latter act. The act for the recovery of debts to the value of twenty-five dollars, (1 *N. R. L.* 394. s. 12.) enacts, that in case any such person having a family in the state, and not being a freeholder at the time of judgment rendered against him, or at any time thereafter, may he discharged, on making an affidavit, in the manner therein directed, that he comes within the provisions of the act.

The objection to the affidavit is, that it does not state that *Merrill* had a family, when judgment was rendered against him, but merely, that he had a family when he made the affidavit. We are of opinion, that the affidavit is conformable as well to the letter as the spirit and intention of the act. The legislature never meant to throw impediments in the way of marriage, or to consider a man who had a family when imprisoned, as less entitled to enlargement, than one who had a family when judgment was rendered against him. They, undoubtedly, meant that no man who had a family when the affidavit was made, should be separated from his family for more than thirty days; and that his family should not be exposed to suffering and want, by being deprived of the benefit of his labour, for a longer space than thirty days.

                              Judgment for the defendants.